# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

March 25, 2009

Charles R. Fulbruge III
Clerk

No. 08-50527
Summary Calendar

JEREMY HOWELL,

Plaintiff-Appellant

v.

AUSTIN INDEPENDENT SCHOOL DISTRICT,

Defendant-Appellee.

_____

Appeal from the United States District Court
for the Western District of Texas
USDC No. 1:07-CV-17

_____

Before HIGGINBOTHAM, BARKSDALE, and ELROD, Circuit Judges.

PER CURIAM:[*]

Plaintiff-Appellant Jeremy Howell, a former student in the Austin Independent School District (AISD), filed this action against Defendant-Appellee AISD claiming violation of Title IX of the Education Amendments of 1972, 20 U.S.C. § 1681–88, and seeking damages.[1]  Specifically, Howell alleged that he

---

[*] Pursuant to Fifth Circuit Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in Fifth Circuit Rule 47.5.4.

[1] Howell also originally asserted state-law claims against the school contractor he accused of committing the abuse.  After the district court granted AISD's motion for judgment as a matter of law, however, Howell dismissed the claims against that defendant.  Those

was sexually abused by a school contractor, and that the contractor's supervisor, the school's band director, had knowledge of the abuse. The case proceeded to a jury trial. After the parties rested, the district court granted AISD's motion for judgment as a matter of law on the Title IX claim under Federal Rule of Civil Procedure 50. Howell appeals this ruling.

The parties are familiar with the facts of this Title IX case. Our review of Rule 50 motions is *de novo*, and we use the same standard as the district court. *Gomez v. St. Jude Med. Daig Div. Inc.*, 442 F.3d 919, 927 (5th Cir. 2006). We consider all evidence in the light most favorable to the non-moving party—here, Howell. *Id.* Nevertheless, after considering the district court's judgment, the record, and the parties' briefs, we affirm. The district court did not err in finding that Howell could not, on this record, prove the required elements of a Title IX claim.

A Title IX plaintiff seeking damages through an implied right of action must clear a high bar on the issue of the supervisor's knowledge of the claimed discrimination. "[A] damages remedy will not lie under Title IX unless an official who at a minimum has authority to address the alleged discrimination and to institute corrective measures on the recipient's behalf has actual knowledge of discrimination in the recipient's programs and fails adequately to respond." *Gebser v. Lago Vista Indep. Sch. Dist.*, 524 U.S. 274, 290 (1998). To merit an award of damages under Title IX, the school's response "must amount to deliberate indifference to discrimination." *Id.* Neither the evidence of AISD's knowledge[2] of the conduct at issue, nor the evidence of AISD's response, meets these requirements. Howell's key evidence on this point is that the contractor told the band director that he believed Howell was "coming out"—divulging his

claims have not been appealed.

[2] The district court ruled that notice to the band director constituted notice to the school district.

homosexuality—to him, and that the band director responded that the contractor should stay away from Howell or he would be dismissed. This evidence constitutes neither the level of notice (actual knowledge of abuse) nor the deliberate indifference to discrimination Howell must show in order to prevail.

Howell also claims the district court erred when, on the basis of Federal Rule of Civil Procedure 26(a)(2)(B) and a previous order of the court, it barred his treating psychologist from testifying without first submitting an expert witness report. We need not decide whether the court's order excluding the treating psychologist's testimony was error, because error if any was harmless. Exclusion of the testimony does not appear to have affected the district court's Rule 50 ruling on the dispositive issue of knowledge (and Howell does not contend otherwise).

Accordingly, the judgment of the district court is AFFIRMED.